Filed 2/13/24  P. v. Covarrubias CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062480 |
| v. | (Super. Ct. No. 12NF1746) |
| JUAN CARLOS COVARRUBIAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Juan Carlos Covarrubias challenges the summary denial of his petition for resentencing under Penal Code section 1172.6.[1]  His court-appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  This court gave Covarrubias 30 days to file a supplemental brief on his own behalf.  None was filed.  In the interests of justice, we have examined the record on appeal.  (*Delgadillo*, at p. 232.)  We conclude that although the trial court erred by failing to appoint counsel for Covarrubias before denying his petition, the error was harmless.  We thus affirm the postjudgment order.

## FACTS

In 2015, a jury convicted Covarrubias of street terrorism (§ 186.22, subd. (a)) and shooting at an occupied motor vehicle (§ 246), and found gang allegations on the latter charge to be true (§§ 12022.53, subds. (c), (e)(1), 186.22, subd. (b)).  The jury acquitted him of conspiracy to commit murder.

In 2023, Covarrubias filed and served a form petition for resentencing and asked the trial court to appoint counsel to represent him.  Without appointing counsel or holding a prima facie hearing, the court summarily denied the petition on the ground he was ineligible for resentencing.

## DISCUSSION

Following *Wende/Delgadillo* guidelines, we have reviewed counsel's brief and the appellate record.  We conclude the trial court's failure to appoint counsel for Covarrubias before denying his petition was harmless error because he was ineligible for relief as a matter of law.  (*People v. Lewis* (2021) 11 Cal.5th 952, 963, 973–974 (*Lewis*).)

Upon receipt of a petition that complies with the requirements of section 1172.6, subdivision (b)(1), "the court shall appoint counsel to represent the petitioner."  (§ 1172.6, subd. (b)(3).)  This language is "mandatory": "petitioners who file

---

[1]     All further statutory references are to the Penal Code.

a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition." (*Lewis*, *supra*, 11 Cal.5th at p. 963.) Covarrubias filed and served a facially compliant form petition, with all information and averments required by section 1172.6, subdivision (b)(1). The court was thus required to appoint counsel for Covarrubias. (*Lewis*, at pp. 963, 973.)

Even where error is shown, the petitioner still must "'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' [Citations.] More specifically, a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Lewis*, *supra*, 11 Cal.5th at p. 974.) But if the record of conviction demonstrates a petitioner is ineligible for relief as a matter of law, a court may summarily deny the petition. (*Lewis*, at pp. 970–972.)

Covarrubias cannot make this showing. Resentencing relief under section 1172.6 is available only to persons "convicted of murder, attempted murder, or manslaughter following a trial or [who] accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder." (§ 1172.6, subd. (a)(2).) Covarrubias did not accept a plea offer and was not convicted of murder, attempted murder, or manslaughter at trial. He is thus ineligible for relief as a matter of law. In summary, our review of the entire record does not show the existence of an arguable issue. (*Wende*, *supra*, 25 Cal.3d at pp. 442–443.)

## DISPOSITION

The postjudgment order is affirmed.



                                        DELANEY, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


SANCHEZ, J.

4